IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

ROGER DARNELL HANNAH,            )
                                 )
            Plaintiff,           )
                                 )    C/A No.: 4:07-03512-GRA-TER
vs.                              )
                                 )
LARRY POWERS, DIRECTOR,          )
                                 )
            Defendant.           )
                                 )

      This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on January 21, 2009. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983. The magistrate now recommends that this Court grant the defendant's motion for Summary Judgement and deny all outstanding motions as moot. For the reasons stated herein, this Court adopts the magistrate's recommendation.

      Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In this instance, the plaintiff objects to portions Nurse Judy Collins's affidavit incorporated into the Report and Recommendation. Specifically, the plaintiff argues that he only saw Dr. Bianco once, had mis-diagnosed hypertension, and had his creams and medications wrongfully taken from him. However, even accepting the accusations as true, the plaintiff has not sufficiently shown the degree of indifference necessary to maintain a cause of action based on the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and

Recommendation in its entirety. Accordingly, the defendants' motion for summary judgement is GRANTED, and all outstanding motions are DISMISSED AS MOOT.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 11, 2009

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.